SUBSCRIBE          SIGN IN

COPYRIGHT —

# Instagram just threw users of its embedding API under the bus

People may need to get permission before embedding someone else's Instagram photo.

TIMOTHY B. LEE - 6/4/2020, 4:32 PM



*Aurich Lawson*

Enlarge

Instagram does not provide users of its embedding API a copyright license to display embedded images on other websites, the company said in a Thursday email to Ars Technica. The announcement could come as an unwelcome surprise to users who believed that embedding images, rather than hosting them directly, provides insulation against copyright claims.

"While our terms allow us to grant a sub-license, we do not grant one for our embeds API," a Facebook company spokesperson told Ars in a Thursday email. "Our platform policies require third parties to have the necessary rights from applicable rights holders. This includes ensuring they have a license to share this content, if a license is required by law."

In plain English, before you embed someone's Instagram post on your website, you may need to ask the poster for a separate license to the images in the post. If you don't, you could be subject to a copyright lawsuit.

Professional photographers are likely to cheer the decision, since it will strengthen their hand in negotiations with publishers. But it could also significantly change the culture of the Web. Until now, people have generally felt free to embed Instagram posts on their own sites without worrying about copyright concerns. That might be about to change.

## Two lawsuits, different results

Newsweek recently found this out the hard way. Photographer Elliot McGucken took a rare photo (perhaps this one) of an ephemeral lake in Death Valley. Ordinarily, Death Valley is bone dry, but occasionally a heavy rain will create a sizable body of water. Newsweek asked to license the image, but McGucken turned down their offer. So instead Newsweek embedded a post from McGucken's Instagram feed containing the image.

McGucken sued for copyright infringement, arguing that he hadn't given Newsweek permission to use the photo. Newsweek countered that it didn't need McGucken's permission because it could get rights indirectly via Instagram. Instagram's terms of service require anyone uploading photos to provide a copyright license to Instagram—including the right to sublicense the same rights to other users. Newsweek argued that that license extends to users of Instagram's embedding technology, like Newsweek.

Newsweek had reason to be optimistic about this argument because Mashable won a very similar case in April. The judge in the Mashable case ruled that photographer Stephanie Sinclair "granted Instagram the right to sublicense the photograph, and Instagram validly exercised that right by granting Mashable a sublicense to display the photograph."

But in a surprise ruling on Monday, Judge Katherine Failla refused to dismiss McGucken's lawsuit at a preliminary stage. She held that there wasn't enough evidence in the record to decide whether Instagram's terms of service provided a copyright license for embedded photos.

## Instagram's bombshell

Now Instagram has dropped another bombshell that throws the entire premise of Newsweek's

defense into doubt.

"Wow. That is going to blow up the *Sinclair* case," Cornell copyright scholar James Grimmelmann wrote after I shared Instagram's comment with him.

By stating outright that users of its embedding feature don't get licenses from Instagram to display photos, Instagram is preventing future defendants from using Mashable's argument. It will be hard for Newsweek to convince a judge that it had a sublicense from Instagram when Instagram has explicitly claimed the opposite.

Instagram tells Ars that it's exploring the possibility of giving users more control over photograph embedding. Right now, Instagram users can block embedding of their posts by switching their Instagram account to private. But that will also prevent users on the Instagram platform from seeing their content, too, which can be a career liability for professional photographers. Right now, Instagram offers no option to make content public inside the Instagram app while disabling embedding on external websites.

Kim Almazan, a copyright litigator at the law firm of Withers Worldwide, argues that the safest route is for media companies to ask photographers for permission before embedding their work in news articles—and to use another photo if the photographer says no.

## The "server test" is more important than ever

Newsweek has a couple of other legal options. Newsweek claimed fair use, but Judge Failla seemed skeptical of this argument in Monday's ruling.

Grimmelmann pointed to another argument Newsweek might raise: that Instagram—not Newsweek—was the distributor of the photograph.

An embedded Instagram post is actually a bit of code that instructs the user's browser to fetch the contents of a post—such as McGucken's photograph—directly from Instagram's servers. In the past, courts have ruled against plaintiffs in embedding cases based on the "server test," which holds that liability goes to whomever runs the server that actually delivers infringing content to the user—in this case, Instagram.

This argument is binding law in the 9th Circuit, which includes California (and therefore covers a lot of technology companies). Appeals courts in most other circuits haven't ruled on the question one way or the other. A federal trial judge in New York rejected the server test 2018, creating a worrying precedent for defendants. But because it was only a trial court ruling, it wasn't binding on other judges.

Instagram's decision to throw users of its embedding API under the bus makes the server test crucial for cases like this. If the server test is adopted outside the 9th Circuit, it could provide a legal basis for the continued use of embedded Instagram posts. On the other hand, if the 2nd Circuit—which covers New York—ultimately rejects the server test, then it would become legally hazardous to use Instagram embeds without a separate copyright license.

Grimmelmann notes that Facebook's statement is "studiously noncommittal" about whether the server test is the law.

At this point, Newsweek's best chance is likely to be to raise a server test defense. Eventually, the case may make its way to the 2nd Circuit Appeals Court, which will have to decide whether it wants to follow 9th Circuit precedent—which could make it a *de facto* national standard—or reject the server test and throw the legality of embedding into doubt nationwide.

## Promoted Comments

**pavon** / Ars Tribunus Militum / *et Subscriptor*                    JUMP TO POST

What a shitty move on Instagram's behalf. They go out of their way to implement a feature whose sole purpose is to enable anyone to easily embed their user's content on other sites, and they go out of their way to write a TOS that requires the user to grant Instagram permission to use allow use of their content in such a manner, then turn around and claim, no you don't actually have a legal right to use this feature that we lured you into using.

And I don't understand what Instagram gains by doing so. It doesn't absolve them of any liability; the TOS already took care of that. It doesn't help their users who don't want their content to be embedded, as 99% of users of the embedding API will have no clue about this statement and will continue using it like normal. If they do want to aid those users they could easily add a feature to choose whether to allow embedding or not, which would be more effective at stopping unwanted embedding without creating legal uncertainty for those who *do* want their content to be embedable. The only thing it does is screw over all the people who have been using their API in good faith as it was intended to be used. Which sounds about par for course for Facebook.

1702 posts | registered 2/26/2007

**READER COMMENTS**    **31**                                **SHARE THIS STORY**

**TIMOTHY B. LEE**
Timothy is a senior reporter covering tech policy, blockchain technologies and the future of transportation. He lives in Washington DC.

**EMAIL** timothy.lee@arstechnica.com // **TWITTER** @binarybits



### SITREP: DOD Resets Ballistic Missile Interceptor program



## SITREP: DOD Resets Ballistic Missile Interceptor program

Kill vehicle contract cancelled for lack of progress.



### SITREP: DOD's New Long-Range Air-to-Air Missile Aims to "Outstick" China



### Army's New Pistol Has Had Some



⊕ More videos

← PREVIOUS STORY                                                                                     NEXT STORY →

## Related Stories

## Sponsored Stories
Powered by

## Today on Ars

Case 1:18-cv-00790-KMW   Document 39-1   Filed 06/04/20   Page 6 of 6

STORE
SUBSCRIBE
ABOUT US
RSS FEEDS
VIEW MOBILE SITE

CONTACT US
STAFF
ADVERTISE WITH US
REPRINTS

NEWSLETTER SIGNUP

Join the Ars Orbital Transmission mailing list to get weekly updates delivered to your inbox.

SIGN ME UP →

CNMN Collection
WIRED Media Group
© 2020 Condé Nast. All rights reserved. Use of and/or registration on any portion of this site constitutes acceptance of our User Agreement (updated 1/1/20) and Privacy Policy and Cookie Statement (updated 1/1/20) and Ars Technica Addendum (effective 8/21/2018). Ars may earn compensation on sales from links on this site. Read our affiliate link policy.
Your California Privacy Rights | Cookies Settings
The material on this site may not be reproduced, distributed, transmitted, cached or otherwise used, except with the prior written permission of Condé Nast.
Ad Choices