

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**James Rosenfeld**
212-603-6455 tel
212-489-8340 fax

jamesrosenfeld@dwt.com

June 5, 2020

**VIA ECF**

The Honorable Kimba Wood
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 26A
New York, New York 10007

    Re:    <u>Sinclair v. Ziff Davis, LLC and Mashable, Inc.</u>
            (Civ. Action No. 1:18-cv-00790)

Dear Judge Wood:

    We are counsel for the defendants in this action, Ziff Davis, LLC and Mashable, Inc.  We write in response to Plaintiff's counsel's letters to the Court of June 2 and 4, 2020, in which he submitted another district court decision in *McGucken v. Newsweek, LLC*, No. 19 Civ. 9617 (KPF) (S.D.N.Y. June 1, 2020) Dkt. 35, and an online article from a website called *Ars Technica* for the Court's attention.

    In this Court's decision of April 13, 2020 (the "Order"), after full briefing by the parties, the Court ruled as a matter of law, based on a thorough review of Instagram's integrated Platform Policy, Terms of Use, and Privacy Policy, effective during the relevant time period (collectively, the "Instagram Agreements"), that "Mashable used Plaintiff's photograph pursuant to a valid sublicense from Instagram."  Plaintiff moved for reconsideration, and that motion was fully submitted as of May 13, 2020.

    Coming after this doubly full airing of the issue at bar, Plaintiff's requests for third and fourth bites at the apple should not alter the Court's well-considered and correct ruling on the motion to dismiss.  The *McGucken* decision is not binding as another district court ruling and does not rule as a matter of law that no sublicense was granted.  Rather, it agrees with Your Honor's ruling that the Instagram Agreements "unequivocally grant Instagram a license to sublicense Plaintiff's publicly posted content" but declines to rule on the pleadings as to whether a sublicense was granted in that case.

    As for the *Ars Technica* article, Plaintiff relies on a reporting of a purported quote from an unnamed spokesperson of Facebook, the parent company of Instagram, as evidence of the meaning of the Instagram Agreements.  This is inadmissible and improper evidence for several reasons.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. Kimba Wood
June 5, 2020
Page 2

**First**, it is double hearsay from an unidentified declarant.  **Second**, it is a statement in 2020 about the intent of a 2013 contract, contrary to the well-established principle that post-hoc interpretations of contractual language should not be credited.  See *Faulkner v. Nat'l Geographic Soc.*, 452 F. Supp. 2d 369, 379 (S.D.N.Y. 2006) (refusing to credit purported statements of contractual intent that were "nothing more than post-hoc interpretations" by individuals who "are not even alleged to have participated in drafting or negotiating plaintiffs' contracts"); *Murray Walter, Inc. v. Sarkisian Bros., Inc.*, 183 A.D.2d 140, 146 (3d Dep't 1992) ("[A] unilateral expression of one party's postcontractual subjective understanding of the terms of the agreement ... [is] not probative as an aid to the interpretation of the contract.").  **Third**, this Court granted defendants' motion to dismiss as a matter of law, on the face of the agreements at issue (Order at 5), carefully considering and rejecting Plaintiff's various attacks on the Instagram Terms, including that they are confusing and contradictory (*id*, at 6-7).  In short, the Court ruled that the Instagram Agreements are unambiguous on their face, and therefore extrinsic evidence of intent is not relevant or admissible.  See *Omni Quartz, Ltd. v. CVS Corp.*, 287 F.3d 61, 64 (2d Cir. 2002) ("It is well established that a court may not admit extrinsic evidence in order to determine the meaning of an unambiguous contract."); *W.W.W. Assocs., Inc. v. Giancontieri*, 77 N.Y.2d 157, 163 (1990) ("It is well settled that extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face.") (internal quotations and citations omitted); *Bast Hatfield, Inc. v. Gen. Elec. Co. ex rel. Knolls Atomic Power Lab.*, 229 A.D.2d 892, 894 (3d Dep't 1996) ("To the extent that plaintiffs seek to create an ambiguity by reference to the October 16, 1991 letter, it is clear that extrinsic evidence cannot be used to create an ambiguity in what is otherwise an unambiguous contract.").  The article should be disregarded in full.

        Thank you for the Court's attention to this matter.

        Respectfully submitted,

        */s/ James Rosenfeld*
        (DocuSigned by James Rosenfeld — A3D312AB0951454...)

        James Rosenfeld

cc:    James Bartolomei (via ECF), Attorney for Plaintiff
       Bryan Hoben (via ECF), Attorney for Plaintiff
       Amanda Levine (via ECF), Attorney for Defendants
       George Wukoson (via ECF), Attorney for Defendants