UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STEPHANIE SINCLAIR,

            Plaintiff,

    -against-

ZIFF DAVIS, LLC, and MASHABLE, INC.,

            Defendants.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  June 24, 2020

18-CV-790 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

    Plaintiff Stephanie Sinclair moves for reconsideration, under Local Civil Rule 6.3 and Rule 59 of the Federal Rules of Civil Procedure, of this Court's Opinion & Order (the "Opinion") dismissing her Second Amended Complaint against Defendants Ziff Davis, LLC ("Ziff Davis") and Mashable, Inc. ("Mashable").  (ECF Nos. 31, 32.)  Familiarity with the Opinion is assumed.  Plaintiff's motion for reconsideration is GRANTED.  Revising its previous holding, the Court holds that the pleadings contain insufficient evidence to find that Instagram granted Mashable a sublicense to embed Plaintiff's Photograph on its website.  The Court adheres to is prior holdings in all other respects.  Therefore, Defendants' motion to dismiss the Second Amended Complaint is GRANTED in part and DENIED in part.

**LEGAL STANDARD**

    "A motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l*

*Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  This standard is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995).  "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

## DISCUSSION

The Court adheres to its previous holding that, by agreeing to Instagram's Terms of Use, Plaintiff authorized Instagram to grant API users, such as Mashable, a sublicense to embed her public Instagram content, as set forth in Instagram's Platform Policy.[1]  (Opinion at 4.)

The Court does, however, revise the Opinion by finding that the pleadings contain insufficient evidence that Instagram exercised its right to grant a sublicense to Mashable.  As evidence of its purported sublicense, Mashable presented Instagram's Platform Policy, which states that Instagram "provide[s] the Instagram APIs to help broadcasters and publishers discover content, get digital rights to media, and share media using web embeds."  (Platform Policy, Preamble.)  The Court previously concluded that this term of the Platform Policy granted Mashable a sublicense to use the API to embed the Photograph in its website.

In reaching this conclusion, the Court did not give full force to the requirement that a license must convey the licensor's "explicit consent" to use a copyrighted work.  *Ward v. Nat'l Geographic Soc.*, 208 F. Supp. 2d 429, 442–43 (S.D.N.Y. 2002) (Kaplan, J.) (quoting *Gardner v.*

---

[1] Plaintiff's arguments to the contrary—which include that the Court relied on the wrong version of Instagram's policies, that Plaintiff never agreed to Instagram's Terms of Use, and that Plaintiff's agreement with Instagram was unsupported by consideration—are without merit or procedurally improper because they were not previously raised.

*Nike, Inc.*, 279 F.3d 774, 781 (9th Cir. 2002)).  The Platform Policy's statement that the API is intended to "help broadcasters and publishers discover content, get digital rights to media, and share media using web embeds" could be interpreted to grant API users the right to use the API to embed the public content of other Instagram users.  But, that is not the only interpretation to which that term is susceptible.  *See McGucken v. Newsweek LLC*, 19-CV-9617, 2020 WL 2836427, at *4–5 (S.D.N.Y. June 1, 2020) (Failla, J.).  Therefore, "[a]lthough courts may find a license on a motion to dismiss where the terms of the governing contracts are clear," the Platform Policy's terms are insufficiently clear to warrant dismissal of Plaintiff's claims at this stage of litigation.  *Agence Fr. Presse v. Morel*, 769 F. Supp. 2d 295, 303 (S.D.N.Y. 2011) (Pauley, J.) (citation and quotation marks omitted).

      The Court did not "overlook" the *Ward* issue, as the parties did not raise it with any clarity in their original briefs.  Nonetheless, in light of the persuasive authority of *McGucken*, and in order to correct clear error, the Court holds that Plaintiff's copyright claim against Mashable cannot be dismissed on the basis of Mashable's sublicense defense on the record presently before the Court.

      Finally, the Court adheres to its prior holding that Plaintiff failed to state a claim of copyright infringement against Ziff Davis.  As the Court explained in the Opinion, pleading that Ziff Davis controls Mashable, the alleged infringer, is insufficient to state a claim of copyright infringement against Ziff Davis.  Instead, Plaintiff would have needed to plead "substantial continuing involvement" by Ziff Davis in Mashable's alleged infringement.  (Opinion at 8.)   She did not do so.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is GRANTED. (ECF No. 32.) Defendants' motion to dismiss Plaintiff's Second Amended Complaint is DENIED as to Mashable, but GRANTED as to Ziff Davis. (ECF No. 18.) The Clerk of Court is respectfully directed to reopen this case.

SO ORDERED.

Dated: New York, New York
June 24, 2020

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge