UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE SINCLAIR,

*Plaintiff*,

v.

MASHABLE, INC.,

*Defendant*.

1:18-CV-00790 (KMW)

ECF CASE

### PLAINTIFF'S FED. R. CIV. P. 26(a)(1)(A) INITIAL DISCLOSURES

Comes now Plaintiff, Stephanie Sinclair, by and through the undersigned counsel, and for her Fed. R. Civ. P. 26(a)(1)(A) Initial Disclosures, states as follows:

**1. Rule 26(a)(1)(A)(i) Disclosures: Individuals Likely to Have Information Relevant to Plaintiff's Claims.**

The following individuals are likely to have discoverable information that Plaintiff may use to support her claims:

a. Plaintiff Stephanie Sinclair, who may be contacted through undersigned counsel.

b. Defendant Mashable, Inc. agents and employees with knowledge of the facts alleged in the Complaint.

c. Ziff Davis, LLC agents and employees with knowledge of the facts alleged in the Complaint.

d. One or more witnesses, including 30(b)(6) corporate representatives for Mashable Inc. including, but not limited to, individuals with knowledge of Mashable, Inc.'s corporate photograph licensing and sublicensing policy and practice, generally, Mashable, Inc.'s policy and practice regarding the embedding of Instagram user posts via Instagram API technology, and Mashable, Inc.'s history of copyright

        infringement claims by photographers, including any and documentation or custodians for information.

    e.    Other witnesses at Mashable or Ziff Davis that may be identified.

    f.    One or more witnesses from Facebook, Inc. and/or its wholly owned property, Instagram, LLC, regarding Instagram's Terms of Use, which governs its general users, and its Platform Policy, which governs users of its API embedding technology, with a specific focus on the rights and responsibilities these terms and policies create for users of each.

    g.    Any person identified in ongoing discovery in this lawsuit.

    h.    Any person identified in any documents, photographs, videos or other mediums.

    i.    Any other person who may have witnessed or may have knowledge of the facts in this lawsuit, including liability, causation and damages.

    j.    Any person employed by, or an agent of, the Defendant to this lawsuit, with knowledge of the facts of this lawsuit, including those no longer in the Defendant's employ.

    k.    Any person identified by the Defendant in initial disclosures or in ongoing discovery in this lawsuit.

    l.    Ellen Boughn may provide an expert report regarding causation and statutory damages to Plaintiff.

Plaintiff reserves all rights to identify other individuals who possess knowledge of facts in the relevant case and if he becomes aware of such individuals as this litigation progresses.

**2.    Rule 26(a)(1)(A)(ii) Disclosures: Documents, Electronically Stored Information, and Tangible Things in the Possession, Custody, or Control of Plaintiff that Plaintiff May Use to Support Her Claim.**

2

Plaintiff initially identifies certain documents she may preliminarily refer to or rely on in this case, which consist of pertinent licensing invoices made by Plaintiff or Plaintiff's representatives to third party licensors of Plaintiff's photographs, including, in some instances, copies of the actual use(s) made by third party licensors.

Plaintiff is also prepared to provide and will cooperate with the Defendant in providing a copy of any non-privileged, relevant documents or information, including, but not limited to her photograph licensing information, that may be identified, discovered or ascertained in ongoing discovery in this lawsuit, unless otherwise protected from disclosure

**3.     Rule 26(a)(1)(A)(iii) Disclosures: Computation of Damages.**

In order to compute Plaintiff's damages, unless privileged or protected from disclosure, Plaintiff will produce:

    a. Licensing Agreements from Plaintiff's business.

Plaintiff will need from Defendant:

    b. Mashable, Inc.'s photo licensing policies, procedures or guidelines as they existed in 2016.

    c. Ziff Davis, LLC's photo licensing policies, procedures or guidelines as they existed in 2016.

    d. Sampling of photograph licenses between Mashable, Inc. and third-party photographers from 2015-2020, including usage details and amounts paid, and including, but not limited to, the highest and median amount paid each year.

    e. All Mashable, Inc. website traffic data for Mashable.com's daily page views and unique visitors to the site for the year 2016, including but not limited to data for the Mashable, Inc. post at issue.

    f. All Mashable, Inc. advertising income for the year 2016, including but not limited to income for the Mashable, Inc. post at issue.

    g. Plaintiff seeks all available damages under law in accord with proof as further information and facts are ascertained.

    h. Restitution and to be made whole.

    i. Any other damages or restitution available under the applicable law.

Plaintiff is prepared to provide and will cooperate with the Defendant in providing a copy of any non-privileged, relevant documents in support of the above-noted categories of damage and will provide same as it becomes available through discovery in this case.

    **4.** **Rule 26(a)(1)(A)(iv) Disclosures: Insurance Agreements.**

Plaintiff has no insurance coverage available for this claim. Plaintiff will request in discovery whether Defendant carries any relevant insurance agreements.

**WHEREFORE**, Plaintiff hereby serves her Federal Rule 26(a) Initial Disclosures.

Dated: August 10, 2020

                                        Respectfully submitted,

                                        /s/James Bartolomei
                                        James H. Bartolomei, Esq.
                                        Duncan Firm, P.A.
                                        809 W. 3rd Street
                                        Little Rock, Arkansas 72201
                                        501-228-7600 phone
                                        501-228-0415 fax
                                        james@duncanfirm.com

                                        Bryan D. Hoben, Esq.
                                        1112 Main Street
                                        Peekskill, New York 10566
                                        347-855-4008
                                        914-992-7135 fax
                                        bryan@hobenlaw.com

                                        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2020, a true and correct copy of the foregoing was filed with the Court through the ECF-CM electronic filing system, which will automatically serve electronic notice of the same on the counsel of record and hard copies were delivered to the court under its rule.

/s/ James Bartolomei
James H. Bartolomei, Esq.
Duncan Firm, P.A.
809 W. 3rd Street
Little Rock, Arkansas 72201