# EXHIBIT 3

Dale M. Cendali
Johanna Schmitt
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
johanna.schmitt@kirkland.com

*Attorneys for Non-Party Facebook Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE SINCLAIR,<br><br>　　　　　　*Plaintiff*,<br><br>　　v.<br><br>MASHABLE, INC.,<br><br>　　　　　　*Defendant*. | Case No. 1:18-CV-00790 (KMW)<br><br>　　　　ECF Case<br><br>**NON-PARTY FACEBOOK INC.'S WRITTEN OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** |

Pursuant to Rules 30, 34 and 45 of the Federal Rules of Civil Procedure, non-party Facebook Inc. ("Facebook"), through its undersigned counsel, hereby submits the following objections and responses to the Subpoena to Testify at a Deposition in a Civil Action served on September 10, 2020 (the "Subpoena") by plaintiff Stephanie Sinclair ("Plaintiff") as follows:

## GENERAL OBJECTIONS

Facebook makes the following General Objections to the Subpoena.   The following General Objections are incorporated into each Specific Objection as if fully set forth therein:

1.      As a non-party being subpoenaed pursuant to Federal Rule of Civil Procedure 45, Facebook objects to Plaintiff's Subpoena because it fails to allow a reasonable time to comply and subjects Facebook to an undue burden in that it seeks testimony about fourteen overbroad topics listed in Exhibit 1 of the Subpoena ("Topics").

2.      Facebook objects to the Subpoena to the extent that it purports to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and Local Rules of this Court, or other applicable law.

3.      Facebook objects to the request  for live testimony regarding each Topic as it is more appropriate to proceed with written questions under Rule 31 of the Federal Rules. Facebook agrees to meet and confer with Plaintiff's counsel in order to discuss the form and content of the deposition, which shall take place at a mutually convenient date and time for all parties.

4.      Facebook objects to each Topic as improper under the Federal Rules of Civil Procedure to the extent that any Topic purports to impose a duty or obligation on Facebook to prepare to testify about any such Topic.

5.      Facebook objects to each Topic as vague and ambiguous on the grounds that the Subpoena has not defined any terms.

6.     Facebook objects to each Topic to the extent that they seek proprietary or confidential business information, trade secrets, or other sensitive information.  To the extent that the Topics seek the disclosure of any non-privileged proprietary or confidential information, trade secrets, or other sensitive information, Facebook will only provide such information subject to an appropriate protective order entered in this matter.  Additionally, Facebook reserves the right to redact or withhold information to the extent necessary to protect unnecessary disclosure of proprietary or confidential information, trade secrets, or other sensitive information.  Further, Facebook reserves the right to withhold information for which it needs third-party consent to disclose, but Facebook represents that it will use its best efforts to obtain such consents.

7.     Facebook objects to the Topics to the extent they call for information that was prepared or obtained for or in anticipation of litigation, constitutes attorney work product, is subject to the attorney-client privilege, or is otherwise privileged under federal or state law.  Any inadvertent production or disclosure of otherwise privileged information shall not be deemed a waiver, in whole or in part, of such privilege.  Any such privileged information shall be returned by Plaintiff immediately upon the request of Facebook, and the information derived by Plaintiff from such privileged information shall not be used by Plaintiff in any manner whatsoever.

8.     Facebook objects to the Topics to the extent they purport to require disclosure of information or production of documents by or in the possession, custody, or control of any party other than Facebook.

9.     Facebook objects to the Topics to the extent that they are overly broad; vague and ambiguous; duplicative; seek the production of documents or information that is not relevant to the claims or defenses of any party in this litigation, and not proportional to the needs of the

case; seek to impose undue burden and expense; and/or seek documents or information that is publicly available or which Plaintiff already possesses or to which Plaintiff has equal access.

10.     Facebook objects to the Topics as overly broad and unduly burdensome in scope to the extent that they seek information that is not limited to a relevant time period.  Facebook objects to searching for and producing documents that were created, or providing information about events that occurred, after the commencement of this action on January 29, 2018.

11.     Facebook objects to the Topics to the extent that they are not limited to a geographic area or territory that is relevant to this action (*i.e.*, the United States).

12.     Facebook objects to the Subpoena's request for "any non-privileged, relevant documents or information that might substantiate or support deponent's testimony in any way" because it does not comport with Rule 34's requirement that document requests "must describe with reasonable particularity each item or category of items" to be inspected or produced.  In addition, this request is premature as no deposition questions have been asked and Facebook has not yet provided any testimony in response to the Subpoena.

13.     Neither the responses to the Topics nor the production of documents or information by Facebook in response to the Topics shall be interpreted to concede the truth of any factual assertion or implication contained in the Topics.

14.     By producing documents in response to the Topics, Facebook does not waive, intends to preserve, and is preserving all of its rights to assert that any and all such documents are confidential and proprietary.  Documents produced by Facebook shall only be used in connection with this litigation and shall not be disclosed, in whole or in part, to any person or entity that is not a party to this litigation.

15.     By producing electronic documents in response to the Topics, Facebook does not represent that an expert forensic search has been undertaken to locate responsive electronic documents.

16.     Facebook incorporates the foregoing General Objections into each and every one of its responses to the Topics as set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES TO TOPICS

**TOPIC NO. 1.a:**

Instagram's "Terms of Use" in March 2016 and its application to Instagram users;

**RESPONSE TO TOPIC NO. 1.a:**

Facebook incorporates the General Objections stated above as if fully set forth in this response. Facebook objects to the term "Instagram's 'Terms of Use'" as vague and ambiguous. Facebook will interpret the term "Instagram's 'Terms of Use'" to refer to Instagram's Terms of Use effective January 19, 2013, which were in effect as of March 2016. *See* Dkt. 35-1. Facebook objects to the term "application to Instagram users" as vague and ambiguous. Facebook objects to this Topic on the grounds that it seeks information that is overbroad, unduly burdensome, not relevant, and not proportionate to the needs of the case on the grounds, given that, among other things, this Topic is not limited to the specific provisions of the Terms of Use that are relevant to the parties' claims and defenses in this action and is not limited to the Terms of Use that were in effect during the relevant time period (i.e., March 2016). Facebook further objects to this Topic on the grounds that it fails to state with reasonable particularity the matters on which examination is requested. Facebook further objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege, protection, or immunity. Facebook further objects to this Topic to the extent it seeks Facebook's proprietary or confidential business information, trade secrets, or other sensitive information, and will not disclose such information until an adequate protective order is entered in this case. Facebook further objects to this Topic to the extent it seeks information that is publicly available, already in the possession of Plaintiff, and/or can be obtained with less burden or expense from another source, including sources that are publicly available.

Subject to and without waiving the foregoing objections and subject to the entry of a suitable protective order in the United States District Court for the Southern District of New

York, Facebook agrees to designate a witness to submit written responses to questions pursuant to Rule 31 of the Federal Rules of Civil Procedure regarding relevant, non-privileged information concerning the "pertinent and relevant" provisions of Instagram's Terms of Use referenced in in Paragraph 35 of Plaintiff's Second Amended Complaint, namely, Sections 11 (usage restrictions), 12 (removal of content), 16 (use of the Instagram API), and 36 (compliance with applicable law), to the extent they were in effect as of March 2016.  In addition, Facebook agrees to produce a copy of Instagram's Terms of Use that were in effect in March 2016.

**TOPIC NO. 1.b:**

Instagram's "Platform Policy" in March 2016 for users of Instagram's API embedding tool or technology;

**RESPONSE TO TOPIC NO. 1.b:**

Facebook incorporates the General Objections stated above as if fully set forth in this response.  Facebook objects to the term "Platform Policy" as vague and ambiguous.  Facebook will interpret the term "Platform Policy" to refer to the version of Instagram's Platform Policy, which is attached to the Second Amended Complaint, that was in effect as of March 2018.  *See* Dkt. 15-5.  Facebook objects to the term "users of Instagram's API embedding tool or technology" as vague and ambiguous.  Facebook objects to this Topic on the grounds that it seeks information that is overbroad, unduly burdensome, not relevant, and not proportionate to the needs of the case on the grounds, given that, among other things, this Topic is not limited to the specific provisions of the Platform Policy that are relevant to the parties' claims and defenses in this action.  Facebook further objects to this Topic on the grounds that it fails to state with reasonable particularity the matters on which examination is requested.  Facebook further objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege, protection, or immunity.  Facebook further objects to this Topic to the extent it seeks Facebook's proprietary or confidential business information, trade secrets, or other sensitive information, and will not disclose such information until an adequate protective order is entered in this case.

Facebook further objects to this Topic to the extent it seeks information that is publicly available, already in the possession of Plaintiff, and/or can be obtained with less burden or expense from another source, including sources that are publicly available.

Subject to and without waiving the foregoing objections and subject to the entry of a suitable protective order in the United States District Court for the Southern District of New York, Facebook agrees to designate a witness to submit written responses to questions pursuant to Rule 31 of the Federal Rules of Civil Procedure regarding relevant, non-privileged information concerning the "pertinent and relevant" provisions of Instagram's Platform Policy as alleged in Paragraph 35 of Plaintiff's Second Amended Complaint, namely, the provisions in "[C.]8. Licensed Uses and Restrictions," to the extent such provisions were in effect as of March 2016.  In addition, Facebook agrees to produce a copy of Instagram's Platform Policy that was in effect in March 2016.

**TOPIC NO. 1.c:**

Instagram's "Platform Policy" in March 2016;

**RESPONSE TO TOPIC NO. 1.c:**

Facebook incorporates the General Objections stated above as if fully set forth in this response.  Facebook objects to this Topic as duplicative of Topic 1.b and incorporates its Specific Objections and Response to Topic 1.b stated above as if fully set forth in this response.

**TOPIC NO. 1.d:**

Instagram's "Terms of Use" in March 2016;

**RESPONSE TO TOPIC NO. 1.d:**

Facebook incorporates the General Objections stated above as if fully set forth in this response.  Facebook objects to this Topic as duplicative of Topic 1.a and incorporates its Specific Objections and Response to Topic 1.a stated above as if fully set forth in this response.

**TOPIC NO. 1.e:**

Instagram's API embedding technology or tool that, through computing programming code, causes a user's content such as a photo to be displayed, transmitted, reproduced, framed,

embedded, linked, inline linked, distributed, or otherwise used from an Instagram user's account so as to appear, display or show on a third party web site such as Mashable.com;

**RESPONSE TO TOPIC NO. 1.e:**

Facebook incorporates the General Objections stated above as if fully set forth in this response. Facebook objects to this Topic on the grounds that it seeks information that is overbroad, unduly burdensome, not relevant, and not proportionate to the needs of the case, given that the nature of Instagram's API technology is not relevant to the claims or defenses of the parties and this Topic is not limited to a relevant time period (i.e., March 2016). Facebook objects to the terms "API embedding technology or tool," "computer programming code," "content," "displayed, transmitted, reproduced, framed, embedded, linked, inline linked, distributed, or otherwise used" as vague and ambiguous. Facebook further objects to this Topic on the grounds that "displayed," "reproduced," and "distributed" are legal conclusions. Facebook further objects to this Topic on the grounds that it fails to state with reasonable particularity the matters on which examination is requested. Facebook further objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege, protection, or immunity. Facebook further objects to this Topic to the extent it seeks Facebook's proprietary or confidential business information, trade secrets, or other sensitive information, and will not disclose such information until an adequate protective order is entered in this case. Facebook further objects to this Topic to the extent that it seeks confidential information of parties from whom Facebook has not received consent to disclose documents or information.

Subject to and without waiving the foregoing objections, Facebook is available to meet and confer with Plaintiff regarding the scope and relevance of this Topic.

**TOPIC NO.1.f:**

Any communications or documents related to the case filed by Stephanie Sinclair versus Mashable, Inc., Case 1:18-CV-00790 (KMW), filed in the United States District Court for the Southern District of New York. This includes statements made to the media, the parties of that case or other person.

**RESPONSE TO TOPIC NO. 1.f:**

Facebook incorporates the General Objections stated above as if fully set forth in this response.  Facebook objects to this Topic on the grounds that it seeks information that is overbroad, unduly burdensome, not relevant, and not proportionate to the needs of the case to the extent that it seeks "any communications or documents related to [this] case."  Facebook objects to the terms "communications or documents," "related to the case," and "the media" as vague and ambiguous.  Facebook further objects to this Topic on the grounds that it fails to state with reasonable particularity the matters on which examination is requested.  Facebook further objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege, protection, or immunity.  Facebook further objects to this Topic to the extent it seeks Facebook's proprietary or confidential business information, trade secrets, or other sensitive information, and will not disclose such information until an adequate protective order is entered in this case.  Facebook further objects to this Topic to the extent that it seeks confidential information of parties from whom Facebook has not received consent to disclose documents or information.  Facebook objects to this Topic to the extent it seeks information already known to Plaintiff.

Subject to and without waiving the foregoing objections, Facebook is available to meet and confer with Plaintiff regarding the scope and relevance of this Topic.

**TOPIC NO. 1.g:**

Instagram's "Terms of Use" related to granting a license from a user to Instagram;

**RESPONSE TO TOPIC NO. 1.g:**

Facebook incorporates the General Objections stated above as if fully set forth in this response.  Facebook further objects to this Topic on the grounds that it is duplicative of Topics 1.a and 1.d.  Facebook objects to this Topic on the grounds that it seeks information that is overbroad, unduly burdensome, not relevant, and not proportionate in that it is not limited to a relevant time period (*i.e.*, March 2016).  Facebook further objects to the terms "related to" and "granting a license" as vague and ambiguous.  Facebook further objects to this Topic on the

9

grounds that "granting a license" is a legal conclusion.  Facebook further objects to this Topic on

the grounds that it fails to state with reasonable particularity the matters on which examination is

requested.  Facebook further objects to this Topic to the extent it seeks information that is

protected by the attorney-client privilege, that constitutes attorney work product, or that is

protected by any other applicable privilege, protection, or immunity.  Facebook further objects to

this Topic to the extent it seeks Facebook's proprietary or confidential business information,

trade secrets, or other sensitive information, and will not disclose such information until an

adequate protective order is entered in this case.  Facebook objects to this Topic to the extent it

seeks information already known to Plaintiff.

Subject to and without waiving the foregoing objections and subject to the entry of a

suitable protective order in the United States District Court for the Southern District of New

York, Facebook agrees to designate a witness to submit written responses to questions pursuant

to Rule 31 of the Federal Rules of Civil Procedure regarding relevant, non-privileged

information concerning the provisions in Instagram's Terms of Use in March 2016 related to

granting a license from a user to Instagram.  In addition, Facebook agrees to produce a copy of

Instagram's Terms of Use that were in effect in March 2016.

**TOPIC NO. 1.h:**

Instagram's "Terms of Use" or "Platform Policy" related to the process for granting
Instagram API users a sub-license to content posted by Instagram users, as well as any training,
guidelines or processes related to such.

**RESPONSE TO TOPIC NO. 1.h:**

Facebook incorporates the General Objections stated above as if fully set forth in this

response.  Facebook further objects to this Topic on the grounds that it is duplicative of Topics

1.a, 1.b, 1.c, and 1.d.  Facebook objects to this Topic on the grounds that it seeks information that

is overbroad, unduly burdensome, not relevant, and not proportionate to the extent it is not

limited to a relevant time period (i.e., March 2016).  Facebook objects to the term "training,

guidelines, or processes related to such" as vague and ambiguous.  Facebook further objects to

this Topic on the grounds that "sub-license" is a legal conclusion.  Facebook further objects to this Topic to the extent that it assumes that Instagram's Terms of Use or Platform Policy granted Instagram API users a sub-license to content posted by Instagram users.  Facebook further objects to this Topic on the grounds that it fails to state with reasonable particularity the matters on which examination is requested.  Facebook further objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege, protection, or immunity.  Facebook further objects to this Topic to the extent it seeks Facebook's proprietary or confidential business information, trade secrets, or other sensitive information, and will not disclose such information until an adequate protective order is entered in this case.  Facebook further objects to this Topic to the extent that it seeks confidential information of parties from whom Facebook has not received consent to disclose documents or information.  Facebook objects to this Topic to the extent it seeks information already known to Plaintiff.

Subject to and without waiving the foregoing objections and subject to the entry of a suitable protective order in the United States District Court for the Southern District of New York, Facebook agrees to designate a witness to submit written responses to questions pursuant to Rule 31 of the Federal Rules of Civil Procedure regarding relevant, non-privileged information concerning whether or not Instagram's Terms of Use and Platform Policy in March 2016 granted Instagram API users a sub-license to content posted by Instagram users.  In addition, Facebook agrees to produce copies of Instagram's Terms of Use and Platform Policy that were in effect in March 2016.

**TOPIC NO. 1.i:**

Instagram's policy or position that Instagram does not automatically grant a license or sub license for embedded photos or videos using the Instagram API.

**RESPONSE TO TOPIC NO. 1.i:**

Facebook incorporates the General Objections stated above as if fully set forth in this response.  Facebook objects to this Topic to the extent it is duplicative of Topics 1.a, 1.b, 1.c,

1.d, 1.f, 1.g, and 1.h. Facebook objects to this Topic on the grounds that it seeks information that is overbroad, unduly burdensome, and not proportionate to the needs of the case to the extent it is not limited to a relevant time period (*i.e.*, March 2016), and because the provisions of Instagram's Terms of Use and Platform Policy speak for themselves.  Facebook specifically objects to the term "policy or position" as vague and ambiguous.  Facebook further objects to this Topic on the grounds that "license" and "sub license" are legal conclusions.  Facebook further objects to this Topic on the grounds that it fails to state with reasonable particularity the matters on which examination is requested.  Facebook further objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege, protection, or immunity. Facebook further objects to this Topic to the extent it seeks Facebook's proprietary or confidential business information, trade secrets, or other sensitive information, and will not disclose such information until an adequate protective order is entered in this case.  Facebook further objects to this Topic to the extent that it seeks confidential information of parties from whom Facebook has not received consent to disclose documents or information.  Facebook objects to this Topic to the extent it seeks information already known to Plaintiff.

Subject to and without waiving the foregoing objections, Facebook is available to meet and confer with Plaintiff regarding the scope and relevance of this Topic.

**TOPIC NO. 1.j:**

Instagram's platform policies requiring third parties to have the necessary rights from applicable rights holders, including ensuring those third parties have a license to share photos and/or videos;

**RESPONSE TO TOPIC NO. 1.j:**

Facebook incorporates the General Objections stated above as if fully set forth in this response.  Facebook objects to this Topic to the extent it is duplicative of Topics 1.a, 1.b, 1.c, 1.d, 1.f, 1.g, 1.h, and 1.i.  Facebook objects to this Topic on the grounds that it seeks information that is overbroad, unduly burdensome, and not proportionate to the needs of the case to the extent

it is not limited to a relevant time period (*i.e.*, March 2016). Facebook further objects to this Topic on the grounds that "necessary rights" and "license" are a legal conclusions. Facebook objects to the term "platform policies" as vague and ambiguous. Facebook will interpret the term "platform policies" to refer to the version of Instagram's Platform Policy attached to the Second Amended Complaint that was in effect as of March 2018. *See* Dkt. 15-5. Facebook further objects to this Topic on the grounds that it fails to state with reasonable particularity the matters on which examination is requested. Facebook further objects to this Topic to the extent it seeks Facebook's information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege, protection, or immunity. Facebook further objects to this Topic to the extent it seeks proprietary or confidential business information, trade secrets, or other sensitive information, and will not disclose such information until an adequate protective order is entered in this case. Facebook objects to this Topic to the extent it seeks information already known to Plaintiff.

Subject to and without waiving the foregoing objections and subject to the entry of a suitable protective order in the United States District Court for the Southern District of New York, Facebook agrees to designate a witness to submit written responses to questions pursuant to Rule 31 of the Federal Rules of Civil Procedure regarding relevant, non-privileged information concerning the "pertinent and relevant" provisions of Instagram's Platform Policy as alleged in Paragraph 35 of Plaintiff's Second Amended Complaint, namely, the provisions in "[C.]8. Licensed Uses and Restrictions," to the extent such provisions were in effect as of March 2016. In addition, Facebook agrees to produce a copy of Instagram's Platform Policy that was in effect in March 2016.

**TOPIC NO. 1.k:**

Instagram's policies or procedures for disputes regarding API user violations of Instagram's Platform Policy, including uses of Instagram's API code to display, transmit, reproduce[,] frame, embed, link, inline li[nk], distribute, or otherwise use an Instagram account holder's content without obtaining that user's permission or having other rights to do so.

13

**RESPONSE TO TOPIC NO. 1.k:**

Facebook incorporates the General Objections stated above as if fully set forth in this response.  Facebook objects to this Topic on the grounds that it seeks information that is overbroad, unduly burdensome, not relevant, and not proportionate to the needs of the case, given that Instagram's "policies or procedures for disputes" is not relevant to the parties' claims or defenses.  Facebook objects to the terms "policies or procedures," "disputes," "API user violations," and "display, transmit, reproduce[,] frame, embed, link, inline li[nk], distribute, or otherwise use" as vague and ambiguous.  Facebook further objects to this Topic on the grounds that "display," "reproduce," and "distribute" are legal conclusions.  Facebook further objects to this Topic on the grounds that it fails to state with reasonable particularity the matters on which examination is requested.  Facebook further objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege, protection, or immunity.  Facebook further objects to this Topic to the extent it seeks Facebook's proprietary or confidential business information, trade secrets, or other sensitive information, and will not disclose such information until an adequate protective order is entered in this case.  Facebook further objects to this Topic to the extent that it seeks confidential information of parties from whom Facebook has not received consent to disclose documents or information.  Facebook objects to this Topic to the extent it seeks information already known to Plaintiff.

Subject to and without waiving the foregoing objections, Facebook agrees to meet and confer regarding the scope and relevance of this Topic.

**TOPIC NO. 1.l:**

Data collected by Instagram when a user's photo or video is embedded using the API technology, tool or code.

**RESPONSE TO TOPIC NO. 1.l:**

Facebook incorporates the General Objections stated above as if fully set forth in this response.  Facebook objects to this Topic on the grounds that it seeks information that is

overbroad, unduly burdensome, not relevant, and not proportionate to the needs of the case,

given that "data collected by Instagram" is not relevant to the parties' claims or defenses.

Facebook specifically objects to this Topic as the terms "data" and "API technology, tool or

code" are vague and ambiguous.  Facebook further objects to this Topic on the grounds that it

fails to state with reasonable particularity the matters on which examination is requested.

Facebook further objects to this Topic to the extent it seeks Facebook's proprietary or

confidential business information, trade secrets, or other sensitive information, and will not

disclose such information until an adequate protective order is entered in this case.  Facebook

further objects to this Topic to the extent that it seeks confidential information of parties from

whom Facebook has not received consent to disclose documents or information.

Subject to and without waiving the foregoing objections, Facebook agrees to meet and

confer regarding the scope and relevance of this Topic.

**TOPIC NO. 1.m:**

What Facebook is planning or intending to do to help users gain more control over their
data and/or ability to track and/or discovery Instagram embeds using the Instagram API (if
Instagram is using or intends to use different terminology or different means than any available
in 2016).

**RESPONSE TO TOPIC NO. 1.m:**

Facebook incorporates the General Objections stated above as if fully set forth in this

response.  Facebook objects to the terms "gain more control" "data and/or ability to track and/or

discovery Instagram embeds using the Instagram API" and "different terminology or different

means than any available in 2016" as vague and ambiguous.  To the extent Facebook

understands this Topic, Facebook objects to it on the grounds that it seeks information that is

overbroad, unduly burdensome, not relevant, and not proportionate to the needs of the case,

given that Facebook's current and future plans are not relevant to the parties' claims or defenses,

which concern events that occurred in March 2016.  Facebook further objects to this Topic on

the grounds that it fails to state with reasonable particularity the matters on which examination is

requested.  Facebook further objects to this Topic to the extent it seeks information that is

protected by the attorney-client privilege, that constitutes attorney work product, or that is
protected by any other applicable privilege, protection, or immunity.  Facebook further objects to
this Topic to the extent it seeks Facebook's proprietary or confidential business information,
trade secrets, or other sensitive information, and will not disclose such information until an
adequate protective order is entered in this case.  Facebook further objects to this Topic to the
extent that it seeks confidential information of parties from whom Facebook has not received
consent to disclose documents or information.

Subject to and without waiving the foregoing objections, Facebook agrees to meet and
confer regarding the scope and relevance of this Topic.

**TOPIC NO. 1.n:**

Facebook and/or Instagram's representation by the law firm of Davis Wright Tremaine,
LLP and cases this law firm has provided legal representation for Facebook and/or Instagram.

**RESPONSE TO TOPIC NO. 1.n:**

Facebook incorporates the General Objections stated above as if fully set forth in this
response.  Facebook objects to this Topic on the grounds that it seeks information that is
overbroad, unduly burdensome, not relevant, and not proportionate to the needs of the case, as
Facebook's and Instagram's legal representation in other matters is not relevant to the parties'
claims or defenses in this case.  Facebook further objects to this Topic on the grounds that it fails
to state with reasonable particularity the matters on which examination is requested.  Facebook
specifically objects to this Topic to the extent it seeks information that is protected by the
attorney-client privilege, that constitutes attorney work product, or that is protected by any other
applicable privilege, protection, or immunity.  Facebook further objects to this Topic to the
extent it seeks Facebook's proprietary or confidential business information, trade secrets, or
other sensitive information, and will not disclose such information until an adequate protective
order is entered in this case.  Facebook further objects to this Topic to the extent that it seeks
confidential information of parties from whom Facebook has not received consent to disclose
documents or information.

16

Subject to and without waiving the foregoing objections, Facebook agrees to meet and confer regarding the scope and relevance of this Topic.

Dated:  New York, New York
        September 24, 2020

                                            */s/ Johanna Schmitt*
                                            Dale M. Cendali
                                            Johanna Schmitt
                                            KIRKLAND & ELLIS LLP
                                            601 Lexington Avenue
                                            New York, New York 10022
                                            Telephone: (212) 446-4800
                                            dale.cendali@kirkland.com
                                            johanna.schmitt@kirkland.com

                                            *Attorneys for Non-Party Facebook Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2020, I caused a true and correct copy of: **NON-PARTY FACEBOOK INC.'S WRITTEN OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** to be served as follows:

**COUNSEL FOR PLAINTIFF**

James Bartolomei, Esq.                     ☒   **VIA ELECTRONIC MAIL**
Duncan Firm                                      james@duncanfirm.com
609 W. 3rd St.                                    bryan@hobenlaw.com
Little Rock, AR 72201
(501) 228-7600

Bryan Hoben, Esq.
Hoben Law
1112 Main St.
Peekskill, NY 10566
(347) 855-4008

**COUNSEL FOR DEFENDANT**

James Rosenfeld                            ☒   **VIA ELECTRONIC MAIL**
Amanda B. Levine                                jamesrosenfeld@dwt.com
Davis Wright Tremaine LLP                   amandalevine@dwt.com
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
(212) 489-8230

Dated:  September 24, 2020                 */s/ Johanna Schmitt*
                                                           Johanna Schmitt