

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/18/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE SINCLAIR,

        Plaintiff,

  -against-

MASHABLE INC., et al.,

        Defendants.

18-CV-790 (KMW) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court conducted a telephonic discovery conference on November 18, 2020. Prior to the conference, the Court received and reviewed (1) plaintiff's letter-motion dated October 27, 2020 (Dkt. No. 59), regarding certain asserted deficiencies in defendant's discovery responses and objections, and (2) non-party Facebook's letter-motion dated October 30, 2020 (Dkt. No. 62), regarding plaintiff's subpoena served on Facebook for deposition testimony and documents, together with opposition and reply letters addressing each motion.

For the reasons stated on the record during the conference, it is hereby ORDERED that:

1. Plaintiff's October 27 letter-motion is resolved as follows:

    a. <u>Issue 1: Photo Licensing/Embedding Policies (RFP Nos. 22, 23, and 24)</u>. No later than **December 1, 2020**, the parties shall meet and confer with respect to items 14 and 15 on defendant's privilege log (Dkt. No. 64-3), concerning, *inter alia*, whether those documents were created or received by Mashable before the photograph at issue was taken down, and, if so, whether they are protected from discovery by the attorney-client privilege. If the parties cannot agree as to one or both of these issues, they shall file a joint letter, no later than **December 4, 2020**, setting forth their respective positions. If the disagreement concerns the attorney-client privilege, defendant shall attach "admissible evidence supporting the factual assertions that underlie its legal arguments." *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 2977175, at *5 (S.D.N.Y. May 20, 2016).[1]

---

[1] As this Court explained in *Royal Park Investments*: "Regardless of whether federal or state privilege law applies, 'the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship.' *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987) (internal quotations omitted). While the party asserting privilege need not serve affidavits or other evidence with its privilege log, once an assertion of privilege is challenged, and once court intervention is requested, the party resisting

   b. <u>Issue 2: Revenue and Costs for the Post</u>. Plaintiff has withdrawn her application with respect to Issue 2.

   c. <u>Issue 3: Licenses and Documents Retention (RFP Nos. 7, 12, 16, and 19)</u>. Plaintiff has withdrawn her request for Mashable's Getty license. No later than **November 25, 2020**, defendant shall amend its written discovery responses to confirm that, after a reasonably diligent investigation, it could not locate any other documents responsive to these requests beyond those already produced.

   d. <u>Issue 4: Verdicts and Judgments</u>. No later than **November 25, 2020**, defendant shall produce a list of cases that resulted in a copyright infringement verdict and/or judgment against Mashable, Inc. between 2013 and 2018. A Rule 68 offer and acceptance constitutes a judgment.

2. The Court will conduct a continued discovery conference as to Facebook's October 30 letter-motion on **December 1, 2020, at 11:00 a.m.** At that time, the parties and non-party Facebook shall dial (888) 557-8511 and enter the access code 7746387.

Dated: New York, New York
       November 18, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

discovery must 'submit evidence, by way of affidavit, deposition testimony or otherwise, establishing only the challenged elements of the applicable privilege or protection, with the ultimate burden of proof resting with the party asserting the privilege or protection.' *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 31385824, at *6 (S.D.N.Y. Oct. 21, 2002), *supplemented by A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 31556382 (S.D.N.Y. Nov. 15, 2002). 'This burden can be met only by an evidentiary showing based on competent evidence ... and cannot be "discharged by mere conclusory or ipse dixit assertions."' *Bowne of New York City*, 150 F.R.D. at 470 (quoting *von Bulow*, 811 F.2d at 146); *see also Veleron Holding*, 2014 WL 4184806, at *2 (concluding that Veleron failed to 'submit evidence establishing the challenged elements of the privilege,' and therefore 'failed to sustain the claim of privilege')." 2016 WL 2977175, at *4.